1  ROBERT J. ROMERO (SBN 136539)
   rromero@hinshawlaw.com
2  PETER J. FELSENFELD (SBN 260433)
   pfelsenfeld@hinshawlaw.com
3  HINSHAW & CULBERTSON LLP
   50 California Street, Suite 2900
4  San Francisco, CA 94111
   Telephone:  415-362-6000
5  Facsimile:  415-834-9070

6  Attorneys for Defendants.

7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10                  **SACRAMENTO DIVISION**

11

12  ADAM WEBB,                          Case No. CaseNumber

13           Plaintiff,                 **DEFENDANTS' NOTICE OF**
                                        **REMOVAL OF ACTION TO THE**
14       vs.                            **UNITED STATES DISTRICT COURT**
                                        **FOR THE EASTERN DISTRICT OF**
15  NEXTERA ENERGY MARKETING, LLC, a    **CALIFORNIA PURSUANT TO 28 U.S.C.**
    Delaware Company; NEXTERA ENERGY    **§§ 1332 AND 1441 (DIVERSITY)**
16  OPERATING SERVICES, LLC, a Delaware
    Company; NEXTERA ENERGY PROJECT
17  MANAGEMENT, LLC a Delaware          Complaint Filed:  9/10/24
    Company; NEXTERA ENERGY
18  RESOURCES DEVELOPMENT, LLC, a
    Delaware Company; and NEXTERA
19  ENERGY SOLUTIONS, LLC, a Delaware
    Company,
20
             Defendants.
21

22

23

24

25

26

27

28

TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendants NEXT ERA ENERGY MARKETING, LLC, NEXT ERA OPERATING SERVICES, LLC, NEXTERA ENERGY PROJECT MANAGEMENT, LLC, NEXTERA ENERGY RESOURCES DEVELOPMENT, LLC, AND NEXTERA ENERGY SOLUTIONS, LLC, (hereinafter the "NextEra Defendants") hereby invoke this Court's jurisdiction under 28 U.S.C. §§ 1332 and 1441, and remove this action from the Superior Court of the State of California in and for the County of Solano (the "Superior Court") to the United States District Court for the Eastern District of California (the "District Court") based upon diversity of citizenship.

The following statement of grounds for removal is submitted pursuant to the provisions of 28 U.S.C. § 1446.

## I.    STATEMENT OF JURISDICTION

1.    The District Court has original jurisdiction under 28 U.S.C. § 1332(a)(1), and this case may be removed pursuant to 28 U.S.C. § 1441, because it is a civil action between "citizens of different States" and the amount in controversy exceeds $75,000. Complete diversity of citizenship existed when the case was filed in state court and at the time of removal.

2.    As set forth below, this action is timely and properly removed upon the filing of this Notice.

## II.    PLEADINGS AND PROCESS

3.    On September 10, 2024, Plaintiff Adam Webb (hereinafter "Plaintiff Webb") filed a Complaint in the Superior Court of the State of California for the County of Solano bearing the caption *Adam Webb v. NextEra Energy Marketing, LLC, a Delaware Company; NextEra Energy Operating Services, LLC, a Delaware Company; NextEra Energy Project Management, LLC, a Delaware Company; NextEra Energy Resources Development, LLC, a Delaware Company; and NextEra Energy Solutions, LLC, a Delaware Company*, Case No. CU24-06930, which is incorporated herein by reference. *See*, **Exhibit A**.

4.    NextEra Energy Marketing, LLC, NextEra Energy Operating Services, LLC, NextEra Energy Project Management, LLC, NextEra Energy Resources Development, LLC, and NextEra

2

Energy Solutions, LLC (hereinafter "the NextEra Defendants") are independent corporations. Each of the NextEra Defendants was served on September 16, 2024. *See*, **Exhibit B**.

### III.    THE REMOVAL IS TIMELY

5.    Under California law, the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

### IV.    VENUE

6.    This action was initially filed in the Superior Court in the County of Solano, which sits within the Eastern District Court of California. 28 U.S.C. § 84(c)(2).

7.    Thus, for purposes of removal, venue properly lies in this District.  See 28 U.S.C. § 1446(a).

### V.    THE DISTRICT COURT HAS ORIGINAL JURISDICTION OVER THIS CASE PURSUANT TO § 1332(A)

8.    Jurisdiction exists in a removal action if the case may have originally been brought in federal court. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

9.    This case could have originally been brought in the United States District Court pursuant to 28 U.S.C. § 1332, which provides:

> (a)    The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value o $75,000 exclusive or interest and costs, and is between –
>
> (1)    Citizens of different states.

10.    An actual case and controversy has arisen between the diverse parties in this civil action and the amount in controversy exceeds the sum or value of $75,000.

#### A.    There is Diversity Jurisdiction Because the NextEra Defendants are Citizens of Different States than the Plaintiff.

11.    [A] corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated." *Johnson v. Columbia Properties Anchorage,*

3

1    *LP*, 437 F.3d 894, 899 (9th Cir. 2006) (citing 28 U.S.C. § 1332(c)(1)).

2        12.    Plaintiff Webb resides in Oklahoma, and asserted in the Original Complaint that he is

3 a resident of Oklahoma. *See*, **Exhibit A**. Plaintiff Webb is, therefore, a citizen of the State of

4 Oklahoma.

5        13.    Defendant NextEra Energy Marketing, LLC is incorporated in Delaware and has its

6 principal place of business in Florida. Defendant NextEra Energy Marketing, LLC is, therefore, a

7 citizen of the States of Delaware and Florida.

8        14.    Defendant NextEra Energy Operating Services, LLC is incorporated in Delaware and

9 has its principal place of business in Florida. Defendant NextEra Operating Services, LLC is,

10 therefore, a citizen of the States of Delaware and Florida.

11        15.    Defendant NextEra Project Management, LLC is incorporated in Delaware and has

12 its principal place of business in Florida. Defendant NextEra Project Management, LLC is, therefore,

13 a citizen of the States of Delaware and Florida.

14        16.    Defendant NextEra Energy Development, LLC is incorporated in Delaware and has

15 its principal place of business in Florida. Defendant NextEra Energy Development, LLC is, therefore,

16 a citizen of the States of Delaware and Florida.

17        17.    Defendant NextEra Energy Solutions, LLC is incorporated in Delaware and has its

18 principal place of business in Florida. Defendant NextEra Energy Solutions, LLC is, therefore, a

19 citizen of the States of Delaware and Florida.

20        18.    Plaintiff and Defendant are citizens of different states, as Plaintiff is a citizen of

21 Oklahoma and the NextEra Defendants are citizens of Delaware and Florida.

22        19.    Therefore, complete diversity exists between Plaintiff and Defendants.

23        **B.**     **The Amount In Controversy Requirement is Satisfied.**

24        20.    It is the NextEra Defendants' good faith belief that the amount in controversy exceeds

25 $75,000. Pursuant to 28 U.S.C. § 1332(a), the amount int controversy in a case where federal

26 jurisdiction is based upon diversity of citizenship must exceed $75,000, exclusive of interest and

27 costs.

28        21.    Plaintiff's Complaint asserts that Plaintiff is seeking to recover damages in excess of

$25,000, though the Civil Case Cover Sheet indicates that this is an Unlimited Action seeking in excess of $35,000. *See*, **Exhibit A**. Where, as here, state pleading rules do not require a demand for a specific sum, "the notice of removal may assert the amount in controversy." 28 U.S.C. § 1446(c)(2)(A). The notice of removal "need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). "Removal of the action is proper on the basis of an amount in controversy asserted…if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)", which is $75,000. 28 U.S.C. § 1446(c)(2)(B); 28 U.S.C. § 1332(a).

22.    The defendant's amount in controversy assertions should be accepted "when not contested by the plaintiff or questioned by the court." *Dart*, 574 U.S. at 87. If a plaintiff contests a defendant's allegations regarding the amount in controversy, the defendant need only demonstrate by a "preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Id*. at 88. In all, the removing party need show that it is "more likely than not" that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 298, 404 (9th Cir. 1996).

23.    In determining whether the amount in controversy exceeds $75,000, the Court must presume that the plaintiff will prevail on each and every one of the alleged claims. *Cabrera v. South Valley Almond Co., LLC*, 2021 U.S. Dist. LEXIS 240881 at *25 *citing Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (stating that the amount in controversy analysis presumes that a "plaintiff prevails on liability") and *Meredith v. e-MDs*, 2014 U.S. Distr. LEXIS 80505 at *3 ("Of course for purposes of determining the amount in controversy, the Court must assume the Plaintiff will prevail on all his claims . . .").

24.    Plaintiff Webb's complaint asserts that he was a wind-service technician that was injured by an arc flash alleged to have been caused by one of Defendants' wind turbines. *See*, **Exhibit A**, ¶ 3. Plaintiff Webb asserts that he sustained physical, mental, and emotional injuries to his head, eyes, and other parts of his body. *Id*. Plaintiff Webb further alleges that the injury to his eyes, face, and head caused pain, anguish, and cognitive impairment that continues to this day. *Id*. at ¶ 17.

Plaintiff Webb alleges that as a direct and proximate result of Defendants' alleged acts and omissions, he is entitled to recovery of past and future economic losses, including medical care and lost earnings, and past and future noneconomic losses including physical and mental pain and suffering, emotional distress, inconvenience, loss of enjoyment of life, impairment of quality of life, past and future. *Id*. at ¶ 24, 30. Plaintiff also asserts damages for loss of earning capacity. *Id*. at ¶ 36. Finally, in the prayer for relief, Plaintiff Webb asserts that he is entitled to recover past and future general, economic, and special damages, including but not limited to: medical expenses, lost wages and lost earning capacity, past and future mental and emotional distress on each of the three causes of action levied against each NextEra Defendant. *Id*.

25.     Plaintiff Webb asserts that this injury occurred on September 16, 2022 – indicating two years of past lost wages and past medical expenses. *Id*. at ¶ 3. Plaintiff Webb further alleges that these expenses are ongoing and will continue into the future, as he has cognitive impairment continuing to today.

26.     Additionally, in the Civil Case Cover Sheet filed with the complaint, Plaintiff Webb asserts that he is seeking punitive damages. *See*, **Exhibit A**.

27.     Courts have regularly held that cases involving permanent physical injuries, such as those alleged by Plaintiff Webb in this case, satisfy the amount in controversy requirement. *See e.g. Kitchen v. First Student, Inc.*, 2020 U.S. Dist. LEXIS 208421 (W.D. Wash. Nov. 6, 2020) (finding that a reasonable person could conclude that the plaintiff was seeking more than $75,000 where plaintiff alleged various forms of relief, including physical disability, emotional trauma, medical expenses, loss of earnings, lost earning capacity, and other damages sustained in a motor vehicle accident); *Black v. Monster Bev. Corp.*, 2016 U.S. Dist. LEXIS 1881 (C.D. Cal. Jan. 7, 2016) (finding that a complaint alleging serious and permanent physical injury, past and future medical expenses, past lost earnings and a future reduction in the capacity to work, and punitive damages was sufficient to meet the amount in controversy requirement); *Hammarlund v. C.R. Bard, Inc.*, 2015 U.S. Dist. 134962 (C.D. Cal. Oct. 2, 2015) (finding that allegations of severe permanent bodily injuries, mental and physical pain and suffering, and lost income were sufficient to reach the amount in controversy requirement where plaintiff did not plead specific damages amount in complaint); *Calkins v.*

6

*Southwest Airlines Co.*, 2019 U.S. Dist. LEXIS 61919 (C.D. Cal. April 10, 2019) (finding that plaintiff's complaint that asserted injuries to the plaintiff's health, strength, and activity, injury to the brain, past and future medical expenses, past and future pain and suffering, and an impact on the ability to work placed the defendant on notice of the requisite amount in controversy); *Martinez v. Wal-Mart Stores, Inc.*, 2009 U.S. Dist. LEXIS 140992 (D. Nev. May 4, 2009) (finding that the amount in controversy requirement was met where no specific damages amount was pled, but the plaintiff sought compensation for cognitive impairment, impairment of earning capacity, future medical treatment, and past and future lost wages); *Campbell v. Bridgestone/Firestone, Inc.*, 2006 U.S. Dist. LEXIS 16113 (E.D. Cal. March 17, 2006) (finding that the amount in controversy requirement was more likely met than not where a plaintiff alleged head trauma, injuries to the arm and wrist, a laceration, lost earning capacity, hospital and medical expenses after a motor vehicle accident).

28.     While the NextEra Defendants dispute liability for Plaintiff Webb's alleged injuries and damages, it is facially evident from the complaint that the amount in controversy requirement is met. Plaintiff Webb's complaint clearly demonstrates that Plaintiff Webb asserts serious, ongoing, and permanent injuries. Plaintiff Webb asserts that he has ongoing cognitive impairment today and that he is continuing to undergo medical care, as demonstrated by the prayer for future medical costs. Plaintiff Webb further asserts that he has sustained past and future lost wages as well as a loss of future earning capacity. Even a modest recovery for each of these damages categories would exceed $75,000 – particularly if Plaintiff Webb were to prevail on the claim for punitive damages. In all, Plaintiff Webb's complaint is sufficient to meet the amount in controversy requirement.

## VI.    NOTICE TO SUPERIOR COURT AND ADVERSE PARTIES

29.     As required by 28 U.S.C. § 1446(d), a copy of the Notice of Removal is being filed in the California Superior Court in and for the County of Solano.

30.     As also required by 28 U.S.C. § 1446(d), Defendant will promptly serve all parties with this Notice of Removal.

31.     **WHEREFORE**, Defendant prays the above action now pending against it in the Superior Court for the State of California in and for the County of Solano be removed to this District

1  Court.

2

3  Dated:  October 15, 2024                     HINSHAW & CULBERTSON LLP

4                                       By:   /s/ Peter J. Felsenfeld
5                                            ROBERT J. ROMERO
                                            PETER J. FELSENFELD
6                                            Attorneys for Defendants.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

**ADAM WEBB v. NEXTERA ENERGY MARKETING, LLC, a Delaware Company; NEXTERA ENERGY OPERATING SERVICES, LLC, a Delaware Company; NEXTERA ENERGY PROJECT MANAGEMENT, LLC a Delaware Company; NEXTERA ENERGY RESOURCES DEVELOPMENT, LLC, a Delaware Company; and NEXTERA ENERGY SOLUTIONS, LLC, a Delaware Company**

CaseNumber

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO:

I am a citizen of the United States and employed in San Francisco, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is 50 California Street, Suite 2900, San Francisco, California 94111.

On October 15, 2024, I served the document(s) entitled **NEXTERA DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332 AND 1441 (DIVERSITY),** on the interested parties in this action as stated below:

Walt E. Cubberly, Esq.
Ben Birerly, Esq.
WILLIAMS HART BOUNDAS EASTERBY, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
Telephone: (713) 230-2200
Email: wcubberly@whlaw.com

☒ **(BY E-MAIL OR ELECTRONIC TRANSMISSION)**: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the person[s] at the e-mail address[es] set forth herein. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States and the State of California that the above is true and correct and was executed on October 15, 2024, at San Francisco, California.

_____
Sherie McLean

NEXTERA DEFENDANTS' NOTICE OF REMOVAL
Case No. CaseNumber
97615\322690550.v1