UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM WEBB, | Case No. 2:24-cv-02816-DC-CSK |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTIONS TO COMPEL DISCOVERY AND EXTEND FACT DISCOVERY |
| NEXTERA ENERGY MARKETING, LLC ET AL, | |
| Defendant. | (ECF Nos. 45, 49) |

Defendant Nextera Energy Marketing, LLC[1] moves to compel Plaintiff Adam Webb to make his initial disclosures and to respond to Defendant's interrogatories and requests for production as well as to extend fact discovery.[2] Def Mot. Compel Disc. (ECF No. 45); Def. Mot. Extend Disc. (ECF No. 49). Defendant initially filed a motion for discovery rule to show cause on January 9, 2026. (ECF No. 45.) The Court determined that based on Defendant's representation of Plaintiff's counsel's failure to respond, the exception of a joint statement under Local Rule 251(e) was satisfied. (ECF No. 48.)

---

[1] Only one Defendant is named in the motions (*see* ECF No. 45, 49), but defense counsel is representing all Defendants: Nextera Energy Marketing, LLC, Nextera Energy Operating Services, LLC, Nextera Energy Project Management, LLC, Nextera Energy Resources Development, LLC, Nextera Energy Solutions, LLC.

[2] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(1).

1

Plaintiff was ordered to respond to Defendant's motion by January 23, 2026. *Id*. Defendant was permitted to file a reply to Plaintiff's response by January 26, 2026. *Id*. As of February 20, 2026, Plaintiff has not filed a response to Defendant's motion. *See* Docket. For the reasons that follow, the Court GRANTS Defendant's motions to compel and to extend discovery.

I.      BACKGROUND

On September 10, 2024, Plaintiff filed a Complaint in the Solano County Superior Court against Defendant for negligence, premises liability, and gross negligence. (ECF No. 1-1, Ex. A.) On October 15, 2024, Defendant removed the action to federal court pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441. (ECF No. 1.) On November 6, 2024, each named defendant answered the Complaint. (ECF Nos. 5-10.) On February 14, 2025, District Judge Dena M. Coggins issued a scheduling order setting the following deadlines: fact discovery to conclude on November 17, 2025, initial expert disclosures due December 26, 2025, rebuttal expert disclosures due January 23, 2026, all expert discovery due February 27, 2026, and all motions due March 27, 2026. (ECF No. 17.)

On August 30, 2025, Defendant filed a motion to compel Plaintiff's answers and interrogatory requests. (ECF No. 22.) On September 3, 2025, the undersigned denied Defendant's motion for failure to follow Local Rule 251 and directed the parties to file a Joint Statement re: Discovery Disagreement pursuant to Local Rule 251(c). (ECF No. 25.)

On September 17, 2025, Defendant filed another motion to compel Plaintiff's initial and supplemental interrogatory responses and responses to document requests, with a motion hearing set for October 28, 2025. (ECF No. 27.) On September 19, 2025, the undersigned found that Defendant again failed to comply with Local Rule 251(c)'s requirement for a Joint Statement for discovery disputes. (ECF No. 28.) The Court required Defendant to file a declaration that Defendant attempted to contact Plaintiff regarding a Joint Statement according to Local Rule 251(d). *Id*. On September 24, 2025, the Court received Defendant's Local Rule 251(d) declaration and found that an

2

exception under Local Rule 251 requiring a Joint Statement had been established, and ordered Plaintiff to file an opposition or statement of non-opposition to the Defendant's motion by October 1, 2025. (ECF No. 30.) Plaintiff never responded to Defendant's motion to compel, and the hearing was subsequently vacated. (ECF No. 31.)

On November 21, 2025, the parties filed a joint stipulation to resolve Defendant's motion to compel discovery as well as an unopposed motion to extend discovery. On November 24, 2025, the Court denied without prejudice Defendant's motion to compel discovery pursuant to the stipulation (ECF No. 43). The Court granted the motion to extend discovery, modifying the following deadlines: fact discovery completion by January 20, 2026, initial expert disclosures and report production due February 20, 2026, rebuttal expert disclosures and report production due March 20, 2026, expert discovery completion by April 17, 2026, and setting the dispositive motion filing deadline for May 16, 2026. (ECF No. 44.)

On January 9, 2026, Defendant filed a motion for "discovery rule to show cause." (ECF No. 45.) Defendant alleges it served Plaintiff with written discovery on March 28, 2025. Def. Mot. Compel. Disc. at 2. Defendant argues Plaintiff responded on May 5, 2025, with interrogatory responses, but were "filled with improper objections, failed to identify any witnesses with knowledge of the accident, injuries, or medical treatment…" *Id*. Defendant further states that Plaintiff failed to supplement any of his interrogatory responses. *Id*. Plaintiff has not responded to Defendant's second set of interrogatories served on May 22, 2025. *Id*. In addition, Defendant has not received all of Plaintiff's document production, "specifically subpoenaed medical records pursuant to [Plaintiff's] Rule 26(a)(1) disclosures." *Id*. As of the date of Defendant's motion, Defendant alleges Plaintiff "has not propounded *any* written discovery to Defendant." *Id*.

Despite being ordered to file a response to Defendant's motion by January 23, 2026, which provided Plaintiff with additional time to respond, Plaintiff has not filed a response as of February 20, 2026. (ECF No. 48; *See* Docket.) Defendant states that "Plaintiff's counsel has been radio silent' since the November 14, 2025 meet and confer.

3

Def. Mot. Compel. Disc. at 3.

On February 3, 2026, Defendant filed a second motion to extend fact discovery. (ECF No. 49.)

## II.    LEGAL STANDARDS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

A party may propound interrogatories relating to any matter that may be inquired to under Rule 26(b). Fed. R. Civ. P. 33(a). Rule 33 requires that, unless otherwise agreed upon or ordered, the responding party must serve its answers and any objections to interrogatories within thirty (30) days after being served. Fed. R. Civ. P. 33(b)(2). Parties must respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4). In general, a responding party is not required "to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made." *Haney v. Saldana*, 2010 WL 3341939, at *3 (E.D. Cal. Aug. 24, 2010) (citing *L.H. v. Schwarzenegger*, 2017 WL 2781132, at *2 (E.D. Cal. Sep. 21, 2007)). Further, the responding party must supplement a response if the information sought is later obtained or the previous response requires a correction. Fed. R. Civ. P. 26(e)(1)(A).

A party may serve requests to produce documents in the responding party's possession, custody, or control, including designated documents, electronically stored information, or other writings. Fed. R. Civ. P. 34(a)(1). A requesting party is entitled to production of documents within a responding party's possession, custody, or control, regardless of whether the requesting party possesses the same documents. Fed. R. Civ. P. 34(a). The responding party must respond in writing within thirty (30) days, unless otherwise agreed upon or ordered, after being served. Fed. R. Civ. P. 34(b)(2). If a responding party objects, the objection "must state whether any responsive materials are

4

being withheld on the basis of that objection[, and] an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

A party may move to compel discovery if the movant has in good faith conferred with the party opposing discovery to obtain the requested discovery without the court's intervention. *See* Fed. R. Civ. P. 37(a)(1). The moving party bears the burden to "inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious." *Adams v. Yates*, 2013 WL 5924983, at *1 (E.D. Cal. Nov. 1, 2013). Local Rule 251 governs motions to compel and requires the parties to confer and attempt to resolve their discovery differences. If there has been "a complete and total failure to respond to a discovery request or order," the moving party may bring its motion on fourteen (14) days' notice and the requirement for a Joint Statement re Discovery Disagreement is excused. E.D. Cal. L.R. 251(e).

If a court grants the motion to compel, then the court <u>must</u> order the party "whose conduct necessitated the motion... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The court must not award expenses if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action"; "the opposing party's nondisclosure, response, or objection was substantially justified"; or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). The burden is on the losing party to prove that its position was substantially justified. *See R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012).

## III.    DISCUSSION

"The discovery process in theory should be cooperative and largely unsupervised by the district court. But when required disclosures aren't made or cooperation breaks down, Federal Rule of Civil Procedure 37 allows a party to move for an order compelling disclosures or discovery." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). Here, Plaintiff has completely failed to uphold his discovery obligations and

cooperate in discovery.

### A.    Initial Disclosures, Interrogatories, and RFPs

Fact discovery was to be completed by January 20, 2026. (ECF No. 44.) As of the filing of Defendant's third motion to compel on January 9, 2026, Plaintiff only served allegedly defective interrogatory responses on May 5, 2025. Def. Mot. Compel. Disc. at 2. Plaintiff still has not responded to Defendant's second set of interrogatories. *Id*.

As to Plaintiff's initial disclosures, within seven (7) days of this order, Plaintiff must supplement his initial disclosures to provide "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment," which is required pursuant to Rule 26(a)(1)(A)(ii). To the extent that Plaintiff does not produce medical records for the four providers identified by Defendant as missing ((1) Michelle L. Manthe, PCP; (2) Access Health Care Management, LLC; (3) Advanced Primary Care, and (4) Freeman Ear, Nose, & Throat), within seven (7) days of this order, Plaintiff must provide Defendant with a signed authorization and release for Defendant to obtain these records directly from the medical provider by subpoena. Plaintiff is warned that if a party "fails to provide information or identify witnesses as required by Rule 26(a), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

As to Defendant's interrogatories, the Court orders Plaintiff to supplement his responses to Defendant's first set of interrogatories without objection and to provide complete and full responses to Defendant's second set of interrogatories without objection within seven (7) days of this order.

As to Defendant's RFPs, the Court orders Plaintiff to produce documents responsive to Defendant's RFPs without objection within seven (7) days of this order. Due to Plaintiff's complete failure to respond to Defendant's second set of

interrogatories, Defendant's RFPs, and to oppose Defendant's motion, Plaintiff has waived any objection to Defendant's interrogatories and RFPs. *See In re PersonalWeb Techs., LLC et al. Pat. Litig.*, 2022 WL 16556793, at *1 (N.D. Cal. Oct. 31, 2022); *Bell v. Jones*, 2021 WL 843242, at *2 (E.D. Cal. Mar. 5, 2021).

Plaintiff is reminded of his duty to prosecute his case, comply with court orders, and participate in discovery. If Plaintiff fails to prosecute his case, comply with court orders, or participate in discovery, Plaintiff may face serious sanctions, including dismissal. *See Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1095 (9th Cir. 2007) (affirming district court's imposition of terminating sanction for discovery violations).

If a party fails to obey a discovery order, the court "may issue further just orders," including:

(i)    directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii)    striking pleadings in whole or in part;

(iv)    staying further proceedings until the order is obeyed;

(v)    dismissing the action or proceeding in whole or in part;

(vi)    rendering a default judgment against the disobedient party; or

(vii)    treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A); *see Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). The choice of sanction, including dismissal, is within the discretion of the court. *Olivia v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992) (citations omitted); *see also* E.D. Cal. L.R. 110 (noting the failure of a party to comply with any local rule or order of the court may result in the imposition of "any and all sanctions authorized by statute or Rule

7

or within the inherent power of the Court").

**B.    Rule 37 Expenses**

If a court grants the motion to compel, it also must award the moving party its reasonable expenses in making the motion, including attorneys' fees unless: the moving party did not make a good faith attempt to obtain the disclosure before making the motion; the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). "The test for substantial justification is one of reasonableness." *Cathey v. City of Vallejo*, 2015 WL 5734858, at *8 (E.D. Cal. Sept. 29, 2015) (internal quotations omitted) (quoting *United States v. First Nat. Bank of Circle*, 732 F.2d 1444, 1447 (9th Cir. 1984).)

Under Rule 37, awarding reasonable expenses is mandatory here as none of the exceptions are established and there is no justification, let alone substantial justification for Plaintiff's failure to participate in discovery. *See* Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). Defendant made several good faith attempts to obtain discovery from Plaintiff, and Plaintiff's discovery conduct necessitated court intervention. Plaintiff has also failed to even respond to Defendant's motion to compel, despite being ordered to and being provided with an extension. Plaintiff has completely failed to meet his discovery obligations and participate in discovery. Plaintiff also failed to respond to Defendant's motion to compel, waiving any objection to the motion.

Defendant has not, however, provided information needed for the Court to determine the amount of its reasonable expenses. The Court therefore orders Defendant to file and submit its reasonable expenses in making the motion to compel, including attorney's fees, within fourteen (14) days of this order. Defendant must include sufficient detail, including the number of hours spent in making the motion; the description of the work completed; counsel's hourly rates; counsel's experience; and the prevailing market rate in Sacramento, where this district court sits, for attorneys of comparable experience. Plaintiff will be provided with the opportunity to respond to Defendant's

submission on reasonable expenses and to be heard regarding the award of reasonable expenses under Rule 37(a)(5). Plaintiff may file a response within seven (7) days after the filing of Defendant's submission. A failure to timely respond by Plaintiff will be construed as a non-opposition to the award of reasonable expenses requested under Rule 37(a)(5). In this response, Plaintiff must provide detail on whether the client, counsel, or both are responsible for the failure to cooperate and participate in discovery to enable the Court to properly determine whether reasonable expenses should be borne by Plaintiff, counsel, or both. A separate order on Defendant's Rule 37 reasonable expenses will issue after additional information is submitted to the Court for its review.

### C.    Extension of Case Deadlines

Defendant has filed a motion to extend fact discovery. (ECF No. 49.) Plaintiff has not filed an opposition, non-opposition, or otherwise responded to this motion. *See* Docket. Good cause is established to extend the discovery deadlines based on Plaintiff's failure to participate or cooperate in discovery. *See* Def. Mot. Compel Disc. Because extending the fact discovery deadline impacts other deadlines, including expert disclosure deadlines and dispositive motion filing deadlines, the Court also extends those deadlines. The new case deadlines are reflected in the following chart:[3]

| Event | Current Deadline | Defendant's Proposal | New Deadline |
|---|---|---|---|
| Fact Discovery Completion | 1/20/26 | 3/15/26 | 4/20/26 |
| Initial Expert Disclosures | 2/20/26 | | 5/21/26 |
| Rebuttal Expert Disclosures | 3/20/26 | | 6/22/26 |
| Expert Discovery Completion | 4/17/26 | | 7/20/26 |
| Dispositive Motion Filing Deadline | 5/15/26 | | 8/17/26 |

Besides the extension of the above deadlines, all other requirements in Judge Coggins'

---

[3] The Court consulted with the assigned district judge regarding extension of the dispositive motion deadline.

scheduling order remain. *See* 2/13/2025 Sched. Order (ECF No. 17).

## IV.   CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1.   Defendant's motions to compel discovery and extend fact discovery (ECF Nos. 45, 49) are GRANTED;

2.   As to Plaintiff's initial disclosures, within seven (7) days of this order, Plaintiff must supplement his initial disclosures to comply with Rule 26(a)(1)(A)(ii). To the extent that Plaintiff does not produce medical records from the four missing providers, Plaintiff must provide Defendant with a signed authorization and release for Defendant to obtain these records directly from the medical provider by subpoena.

3.   As to Defendant's interrogatories, Plaintiff must supplement his responses to Defendant's first set of interrogatories without objection and provide complete and full responses to Defendant's second set of interrogatories without objection within seven (7) days of this order.

4.   As to Defendant's RFPs, Plaintiff must produce documents responsive to Defendant's RFPs without objection within seven (7) days of this order.

5.   Within fourteen (14) days of this order, Defendant shall file and submit its reasonable expenses in making the motion to compel, including attorney's fees; and

6.   Within seven (7) days after the filing of Defendant's submission of its reasonable expenses, Plaintiff may file a response that includes details about whether the client, counsel, or both are responsible for the failure to cooperate and participate in discovery.

Dated:  February 24, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, webb.2816

10