UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ADAM WEBB,

          Plaintiff,

    v.

NEXTERA ENERGY MARKETING, LLC ET AL,

          Defendant.

Case No. 2:24-cv-02816-DC-CSK

ORDER

(ECF No. 64)

Pending before the Court is the Order to Show Cause ("OSC") why sanctions should not issue pursuant to the Court's inherent authority and Local Rule 110 against Defendant Nextera Energy Operating Services, LLC and Plaintiff Adam Webb for their failure to appear for the April 28, 2026 in-person hearing on Defendant's Amended Second Motion for Rule to Show Cause (ECF No. 57). (ECF No. 64.)

I.    **LEGAL STANDARDS**

"Within the federal system, each district court is authorized to govern and discipline its own bar." *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1198 (9th Cir. 1999). The district court may issue sanctions for violating its local rules, and also under its inherent authority. *See Fink v. Gomez*, 239 F.3d 989, 991-92 (9th Cir. 2001); *Zambrano v. City of Tustin*, 885 F.2d 1473, 1480 (9th Cir. 1989). Before imposing

1

sanctions on an attorney, the court must provide the attorney with notice and an opportunity to be heard. *Weissman*, 179 F.3d at 1198. A separate sanctions hearing is not required when the attorney is given the opportunity to respond in writing. *Pac. Harbor Cap., Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000). "The opportunity to brief the issue fully satisfies due process requirements." *Id*. (citing *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 268 (10th Cir.1995); *Toombs v. Leone*, 777 F.2d 465, 472 (9th Cir.1985)).

"Broad deference is given to a district court's interpretation of its local rules." *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (citing *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002)). United States District Court for the Eastern District of California Local Rule 110 provides: "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

## II.    DISCUSSION

The Court and court staff were all present and ready to proceed for the April 28, 2026 hearing, but both movant Defendant and Plaintiff did not appear. After counsel failed to appear, court staff also contacted counsel for both sides and was informed that neither side was on their way to court. Defense counsel responded to court staff that he assumed the hearing would be vacated and the parties were working to resolve the case. Plaintiff's counsel responded to court staff that they made a calendaring error. No request to vacate the April 28, 2026 hearing or appear remotely was made by either movant Defendant or by Plaintiff. *See* Docket.

Defendant and Plaintiff timely filed their responses to the OSC. (ECF Nos. 68, 69.) Both parties assert that their counsel's error does not meet the bad faith standard for imposing sanctions. *See* Pl. OSC Resp. at 2; Def. OSC Resp. at 2. Plaintiff states that counsel failed to attend the hearing due to a calendaring error, expressed counsel's regret for failing to attend, and apologized for counsel's error. Pl. Stmt at 2. Plaintiff also acknowledges that he also believed the parties were close to settlement, but unlike

Defendant, does not assert that the parties reached a settlement before the hearing. *See id.* The Court accepts Plaintiff's explanation and apology for counsel's failure, and does not find Plaintiff's counsel acted in bad faith in failing to attend the hearing. The Court therefore discharges the OSC against Plaintiff.

Defendant states that it did not appear at the April 28, 2026 hearing because the parties settled the case two hours before the hearing. Def. OSC Resp. at 2. Defendant acknowledged that defense counsel should have promptly notified the Court and apologized for its failure to do so. *Id.* at 2-3. Though the Court accepts defense counsel's apology, the Court is concerned, however, that Defendant's OSC response appears to be partially inconsistent with statements counsel made to court staff. Counsel fails to acknowledge that counsel did not realize the April 28, 2026 hearing was still on calendar and counsel informed court staff that the parties were working towards resolving the case, but did not inform court staff that the case settled before the hearing. Though concerning, the Court concludes that this does not amount to bad faith and also discharges the OSC against Defendant.

## III.   CONCLUSION

After careful consideration, the Court discharges the Order to Show Cause (ECF No. 64) and declines to impose sanctions on Defendant Nextera Energy Marketing, Plaintiff, or their respective counsel. The Court expressly warns counsel for Defendant Nextera Energy Marketing, LLC and Plaintiff of the critical importance of following court orders and appearing in court for scheduled hearings to avoid wasting limited judicial resources, which negatively impacts other litigants in one of the busiest federal judicial districts in the country.

Dated:  June 9, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/webb.2816.24.osc

3